# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BOARD OF INTERNAL MEDICINE | : CIVIL ACTION |
| vs. | : NO. 10-CV-2679 |
| FREDERICK ONI, M.D. | : |

### MEMORANDUM AND ORDER

**JOYNER, J.**                                               **September 29, 2010**

This action is presently before this Court for adjudication of the Defendant's Motion to Dismiss the Plaintiff's Complaint for Lack of Personal Jurisdiction (Doc. No. 9). For the reasons which follow, the motion shall be granted and the complaint dismissed.

### Statement of Pertinent Facts

The plaintiff, the American Board of Internal Medicine (hereinafter "ABIM" or "Board") commenced this lawsuit on June 4, 2010 seeking injunctive relief and monetary damages from the defendant Dr. Frederick Oni under the theories of breach of contract and copyright/trademark infringement. Specifically, the complaint alleges that Dr. Oni knowingly and wilfully infringed and misappropriated Plaintiff's trademark and copyright-protected board certification examination questions by first purchasing test questions from Arora Board Review ("ABR"), a test-preparation course company, and then subsequently copying and

distributing to ABR actual ABIM Gastroenterology Examination questions shortly after taking the exam himself and providing copies of still additional questions from a friend. Insofar as Dr. Oni is a resident of Georgia whose only alleged nexus to Pennsylvania consists of his sporadic contacts with the Board for purposes of re-certifying his credentials, Defendant moves to dismiss the complaint for lack of *in personam* jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**Standards Governing Fed. R. Civ. P. 12(b)(2) Motions**

It is axiomatic that the validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties. Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites, 456 U.S. 694, 701, 102 S. Ct. 2099, 2103, 72 L. Ed. 2d 492 (1982). Stated otherwise, jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject matter jurisdiction) and authority over the parties (personal jurisdiction) so that the court's decision will bind them. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 119 S. Ct. 1563, 1566, 143 L. Ed. 2d 760 (1999). However, unlike the concept of subject matter jurisdiction which is both an Article III and a statutory restriction on the power of the federal courts to hear a matter and which may be raised at any time during the proceedings, the concept of personal jurisdiction flows instead from the Due

Process Clause and thereby recognizes and protects an individual liberty interest. <u>Insurance Corp. of Ireland</u>, 456 U.S. at 702, 102 S. Ct. at 2104. <u>See also</u>, Fed. R. Civ. P. 12(h)(3). Because the requirement of personal jurisdiction represents an individual right, it can, like other such rights, be waived and is waived by a party's failure to raise it by Rule 12(b) motion or including it in a responsive pleading. <u>Id</u>., 456 U.S. at 703, 102 S. Ct. at 2105; Fed. R. Civ. P. 12(h)(1).

According to Fed. R. Civ. P. 12(b)(2), a court must grant a motion to dismiss if it lacks personal jurisdiction. <u>Leone v. Cataldo</u>, 574 F. Supp. 2d 471, 477 (E.D. Pa. 2008). Once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction. <u>Carteret Savings Bank, F.A. v. Shushan</u>, 954 F.2d 141, 146 (3d Cir. 1992); <u>Penn Mutual Life Insurance Co. v. BNC National Bank</u>, Civ. A. No. 10-CV-625, 2010 U.S. Dist. LEXIS 91362 at *3 (E.D. Pa. Sept. 2, 2010). In cases where the District Court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor. <u>Miller Yacht Sales, Inc. v. Smith</u>, 384 F.3d 93, 97 (3d Cir. 2004).

**Discussion**

Fed. R. Civ. P. 4(k)(2) provides that personal jurisdiction may be established for claims arising under federal law via the service of "... a summons or filing a waiver of service ... if the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and exercising jurisdiction is consistent with the United States Constitution and laws." This is generally understood as permitting the district courts to assert personal jurisdiction over a non-resident of the state to the extent authorized and allowed by the law of the state where the district court sits. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330, (3d Cir. 2009); Time Share Vacation Club, 735 F.2d 61, 63 (3d Cir. 1984). Under Pennsylvania law, more specifically its long-arm statute, 42 Pa. C. S. §5322(b),

> [i]n addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

The constitutional requirement of due process also mandates that a defendant have sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction over that defendant comports with "traditional notions of fair play and substantial justice." Wolk v. Teledyne Industries, Inc., 475 F. Supp. 2d 491, 501 (E.D. Pa. 2007), quoting International Shoe Co.

4

v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 2d 95 (1945). "Minimum contacts must have a basis in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Asahi Metal Industries Co. v. Superior Court of California, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987); Wolk, 475 F. Supp. 2d at 501. Indeed, having minimum contacts with another state provides "fair warning" to a defendant that he or she may be subject to suit in that state. Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007). As a threshold matter then, the defendant must have taken "action purposefully directed toward the forum State," though the defendant's physical entrance into the forum is not necessary to meet this requirement. D'Jamoos, Estate of Weingeroff v. Pilatus Aircraft, 566 F.3d 94, 103 (3d Cir. 2009); Metcalfe, 566 F.3d at 334, quoting Asahi, 480 U.S. at 112 and Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 370 (3d Cir. 2002).

Furthermore, personal jurisdiction may be exercised on the basis of either a defendant's general contacts (general jurisdiction) or its claim-specific contacts (specific jurisdiction) with the forum. See, e.g., Wolk, 475 F. Supp. 2d at 501. General jurisdiction is based upon the defendant's "continuous and systematic" contacts with the forum and exists even if the plaintiff's cause of action arises from the

defendant's non-forum related activities. Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001), citing Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co., 75 F.3d 147, 151 n.3 (3d Cir. 1996). In contrast, specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant "should reasonably anticipate being haled into court" in that forum. Id., quoting in part World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). Such determinations of specific jurisdiction are claim specific because a conclusion that the District Court has jurisdiction over one of the defendants as to a particular claim does not necessarily mean that it has personal jurisdiction over that same defendant as to another claim. Remick, 238 F.3d at 255. See also, Marten, 499 F.3d at 296 ("Because this [specific jurisdiction] analysis depends on the relationship between the claims and contacts, we generally evaluate specific jurisdiction on a claim-by-claim basis." [citing Remick, 238 F.3d at 255-256]).

The Third Circuit has recognized two "tests" for ascertaining whether a defendant has the required minimum contacts to support the exercise of personal jurisdiction over him. See, e.g., Penn Mutual Life Insurance Company v. BNC National Bank, Civ. A. No. 10-625, 2010 U.S. Dist. LEXIS 91362 at

6

*5 (E.D. Pa. Sept. 2, 2010). Under the "traditional test," which may be applied in any case, the inquiry as to whether specific jurisdiction exists has three parts. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007). First, the defendant must have "purposefully directed its activities" at the forum. Id., citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Second, the litigation must "arise out of or relate to" at least one of those activities. Id., citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 444, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). And third, if the prior two requirements are met, a court considers whether the exercise of jurisdiction otherwise "comports with 'fair play and substantial justice.'" Id.

Although similar, under the so-called "effects test" first enunciated in Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), the courts look to whether or not the effects of a defendant's actions have been felt in the forum state. Under Calder, a plaintiff may demonstrate personal jurisdiction if he or she shows:

(1) The defendant committed an intentional tort;

(2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;

(3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

7

Marten, 499 F.3d at 297, citing IMO Industries v. Kiekert AG, 155 F.3d 254, 256 (3d Cir. 1998). If a plaintiff satisfies these three elements, jurisdiction over a non-resident defendant may be established even when the defendant's contacts with the forum alone are far too small to comport with the requirements of due process under the traditional analysis. Id., citing IMO, at 259.

In this case, the plaintiff's complaint alleges that this Court has personal jurisdiction over Dr. Oni "because on information and belief, he purposely availed himself of the privilege of doing business in the Commonwealth of Pennsylvania and conducted business transactions and communications with ABIM in Pennsylvania, giving rise to the claims asserted herein," and "because he directed tortious conduct to the Commonwealth of Pennsylvania by willfully infringing ABIM's copyrighted Examination and willfully misappropriating trade secrets of ABIM, thereby causing harm to ABIM in Pennsylvania and by violating his confidentiality agreement entered into with ABIM, which is headquartered in Pennsylvania." (Complaint, ¶s 5 and 6).

For his part, Dr. Oni contends by way of affidavit that he resides in Warner Robins, Georgia where he maintains a solo medical practice. Dr. Oni further attests that he does not and has never resided in Pennsylvania, has never maintained an office in or treated patients in or from Pennsylvania, does not maintain any Pennsylvania bank accounts, has never paid taxes or owned

8

property in Pennsylvania, and has not been to Pennsylvania within the last 15 years. Additionally, Dr. Oni states that while he sent one check to ABIM in Philadelphia to pay for the gastroenterology certification examination, he submits that that is the only item he has ever mailed to ABIM and he has never initiated or received any telephone calls to or from ABIM, has not sent any emails to anyone at ABIM and has not spoken with anyone at ABIM regarding the gastroenterology examination.[1] Finally, Dr. Oni's affidavit avers that he completed the on-line application for the gastroenterology examination from his computer in Georgia, that the emails which he exchanged with Dr. Arora regarding the examination questions originated from his computer in Georgia and were received by Dr. Arora's computer in New Jersey and that he sat for the gastroenterology certification examination in Georgia. (See Affidavit of Frederick Oni, M.D. attached as Exhibit "B" to Defendant's Motion to Dismiss Complaint).

As dictated by the above-cited caselaw, it is the plaintiff's burden to establish, *prima facie*, sufficient facts to support the existence of personal jurisdiction over the defendant. In this regard, the plaintiff proffers the Declaration of Lynn O. Langdon, its Senior Vice President and

---

[1] This statement does leave open the question of whether or not Dr. Oni may have spoken or electronically or otherwise communicated with someone at ABIM with respect to some topic *other* than the gastroenterology certification examination.

Chief Operating Officer, who, after explaining that ABIM is the entity which grants Board Certification in the field of Internal Medicine, states the following with respect to jurisdiction:

- ABIM is headquartered in Philadelphia, Pennsylvania.

- All fees paid to ABIM during the Board Certification process may either be submitted to ABIM via its internet website at [www.abim.org](www.abim.org) or mailed to its address in Philadelphia.

- In order to maintain board certification, physicians must complete a number of "self-evaluation modules" over the course of a 10-year period.  Although previously, physicians could receive these modules in hard copy format or on CD-ROM, they now are available only over the Internet.  Physicians who complete the self-evaluation modules can still pay for them by mailing a check to ABIM's Philadelphia offices or through the website.

- The completed self-evaluation modules are graded by ABIM staff at its Philadelphia headquarters.  All records related to the accumulation of self-evaluation credits are maintained in Philadelphia at ABIM's headquarters.

- Dr. Oni has been Board Certified in Internal Medicine since 1997.  Since that time, he has sent some 14 payments to ABIM for Examination registration and self-evaluation module fees, 11 of which were by check mailed to ABIM in Philadelphia.

- Between 2003 and 2006, Dr. Oni requested 9 self-evaluation modules in either book or CD-ROM format, all of which were mailed to him from Philadelphia.  Of these, Dr. Oni mailed back 8 of these self-evaluation modules to ABIM in Philadelphia.  Since 2008, Dr. Oni has completed his six self-evaluation modules over the Internet and these were reviewed on-line by ABIM staff members in the Philadelphia office.

- Over an undisclosed period of time, Dr. Oni has had some six phone conversations with ABIM staff

>      representatives working in the Philadelphia office.[2]

- ABIM maintains an "item bank" of "live" questions from which it selects examination questions. This "item bank" is stored on both computers and hard copies in ABIM's Philadelphia offices.

- Several days after receiving an email from Dr. Oni disclosing the subject matter of several ABIM gastroenterology examination questions, Dr. Arora of Arora Board Review forwarded Dr. Oni's email to a doctor who was scheduled to take the examination in Philadelphia in October, 2009.

In as much as there are a few conflicts between the defendant's affidavit and the declaration of the plaintiff's COO, we shall take the plaintiff's allegations as true and construe the disputed facts in its favor for purposes of determining the outcome of this motion. See, Metcalfe, 566 F.3d at 330, citing Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003). However, even in so doing, we cannot find that the requisite minimum contacts exist between the defendant and this forum to permit the exercise of personal jurisdiction over him in this case.

To determine the existence of personal jurisdiction over a breach of contract claim, courts "must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract and the parties' actual course of dealing." Leone v. Cataldo, 574 F. Supp. 2d at

---

[2] It is likewise not disclosed which party initiated these telephone calls.

478, quoting Remick v. Manfredi, 238 F.3d at 256. A court should also look at "whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." Id., quoting General Electric v. Deutz, AG, 270 F.3d 144, 150 (3d Cir. 2001). Here, the purported contract between the parties is the confidentiality agreement which every board certification candidate signs when they take ABIM's examinations. Neither the plaintiff's complaint nor Mr. Langdon's declaration aver any facts as to whether the defendant undertook any negotiations into the language of this agreement, where these negotiations (if any) took place or where this agreement was signed.[3] It is undisputed that the defendant took the examinations in Georgia and that he has not set foot in Pennsylvania in the past 15 years. Thus, given the complete absence of any evidence that the confidentiality agreement has any connection to Pennsylvania, we are constrained to conclude that this Court does not possess *in personam* jurisdiction over the defendant on the breach of contract claim.

We reach the same conclusion with regard to the copyright infringement and misappropriation of trade secret claims. To summarize and viewed in the light most favorable to the plaintiff, Dr. Oni's contacts with Pennsylvania consist of the

---

[3] However, after reading the complaint as a whole and the defendant's affidavit, it appears likely that ABIM unilaterally drafted the language of this agreement - it was not negotiated by the parties and that the defendant accepted its terms by taking the examination(s).

12

mailing of some eleven checks and eight self-evaluation modules to ABIM's offices in Philadelphia and six telephone conversations with ABIM staff members in Philadelphia between 1997 and 2010; it is unknown which party initiated those telephone conversations or from what state those conversations originated.  Again, under the traditional test it must be clear that the defendant has "purposefully directed his activities at the forum," the litigation arises out of or relates to at least one of those activities, and the exercise of jurisdiction must "comport with fair play and substantial justice."  As the complaint does not aver nor is there any evidence that the defendant infringed materials from the self evaluation modules, we simply cannot find that his sporadic mailing of checks and modules to ABIM at its Philadelphia address and sporadic telephone discussions with ABIM personnel over a thirteen-year period equates to a deliberate targeting of Pennsylvania or evinces an intention to purposefully avail himself of the privilege of conducting activities within this forum.  Accordingly, it does not appear that this litigation arises out of or directly relates to these very limited contacts with Pennsylvania.

Likewise, we cannot find jurisdiction under the "effects" test either.  Indeed, the plaintiff repeatedly asserts that after Dr. Oni forwarded the misappropriated test questions to Dr. Arora, these questions were disclosed to a physician who was

preparing to take the examination in Philadelphia.  However, as is clear from Mr. Langdon's declaration and the email trail annexed to the plaintiff's response to the instant motion to dismiss, these questions were forwarded not by Dr. Oni but by Dr. Arora in New Jersey to what appears to be his nephew, who was the physician preparing to take the examination in Philadelphia.  While this evidence is indeed damning on the merits, it nevertheless does not demonstrate that this defendant expressly aimed to cause harm here in this forum.  For these reasons, we find that we do not possess personal jurisdiction over the defendant and we therefore grant his motion to dismiss.

An order follows.